UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOU VANG SAECHAO,

          Petitioner,

v.

WARDEN,

          Respondents.

No. 1:26-cv-03006-DJC-CKD

ORDER

Petitioner You Vang Saechao is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and two Motions for Temporary Restraining Order (ECF Nos. 10, 12).  The Court administratively stayed Petitioner's removal based on claims that Petitioner was at risk of removal to a third country without sufficient notice and opportunity to be heard regarding Petitioner's fear of removal to that country.  Based on the information now available, the Court lifts this administrative stay and denies Petitioner's Motion.

In Petitioner's Motions, Petitioner first raises arguments about the lawfulness of Petitioner's re-detention.  Petitioner is correct that 8 U.S.C. § 1231(a)(6) is inapplicable. That provision permits continued detention for certain individuals who are already detained "beyond the removal period[.]"  8 U.S.C. § 1231(a)(6).  It does not provide a legal basis to re-detain an individual who has already been released after it was

1

determined that removal was not foreseeable.  However, as Petitioner has a final order of removal, ICE has the authority to detain Petitioner to affect his removal as a non-citizen.  *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.  Where, as here, Petitioner has been released from custody, revocation of that release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).

Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

2

Here, it is readily apparent that removal is now reasonably foreseeable.  By Petitioner's own admission, the Government was seeking to remove Petitioner to Laos and had imminent plans to do so.  Thus, there can be little dispute that Respondents may re-detain Petitioner in order to effectuate the removal order.

Petitioner also argues that Petitioner's removal to a third country under new ICE policies is improper as they do not provide Petitioner with adequate notice of the third country to which he will be removed and sufficient opportunity to raise claims of fear before a neutral decisionmaker.  It was on this basis that the Court initially administratively stayed Petitioner's removal.  However, Respondents have since shown evidence that Petitioner was ordered removed to Laos in 2012 (ECF No. 14-2), where Respondents are now seeking to remove Petitioner.  Thus, notice issues regarding third country removal are not implicated.[1]  While Petitioner objects that he does not recall being ordered removed to Laos, this is insufficient to counter the clear documentary evidence that Petitioner was ordered removed to Laos.

Based on the above and with the information before the Court, it does not appear that Petitioner has a likelihood of success on the merits of his claims.  Petitioner is subject to a final removal order, meaning that Respondents may re-detain Petitioner in order to effectuate his removal, and the notice issues raised regarding third country removal do not seem to apply, given Petitioner was seemingly ordered removed to Laos in 2012.

---

[1] Petitioner states that Petitioner is not a citizen or national of Laos and argues that it is "dubious that he will actually be accepted in Laos." (ECF No. 16 at 4.)  Based on Respondents' representations that Petitioner was actively being removed before the Court's administrative stay, this statement is unpersuasive.  However, should the efforts to remove Petitioner not ultimately be successful, this Order does not preclude Petitioner from raising further arguments of this variety.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motions for Temporary Restraining Order (ECF Nos 10, 12) are DENIED.  The administrative stay is LIFTED. This matter is REFERRED to the assigned Magistrate Judge for further proceedings.

Dated:  May 8, 2026                                    /s/ Daniel J. Calabretta
                                                                     THE HONORABLE DANIEL J. CALABRETTA
                                                                     UNITED STATES DISTRICT JUDGE